UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

FOR COURT USE ONLY

IN THE MATTER OF:

**Jeffrey William Cox**

S.S.#___**xxx-xx-5541**_____
                                  and
          **Donna Ann Cox**

                                             CASE NO.
S.S.#___**xxx-xx-1748**_____    Debtor(s)    CHAPTER 13
_____/

## CHAPTER 13 PLAN

[ **X** ] Original *OR* [  ] Modification #  _____    [  ] pre-confirmation *OR* [  ] post-confirmation

**I.    PLAN PAYMENTS & DISBURSEMENTS**
This is the debtor's(s') latest Chapter 13 Plan.  The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A.    The debtor shall make payments in the amount of **$565.00 Bi-weekly** for **60** months (frequency).

B.    Plan length:   **60**   months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan.  The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

C.    Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.

D.    Treatment of claims
    1.    Class One - Administrative Expenses
        a.    *Trustee fees* as determined by statute.
        b.    *Attorney fees and costs*: An agreed fee of $_**3,000.00**_ less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $_**2,954.00**_ plus costs advanced in the amount of $_**0.00**_ which totals $_**2,954.00**_.
        c.    Other:

    2.    Class Two - Continuing Claims:   Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)].  To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

        a.    Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **GMAC Mortgage Corp** | **1,530.69** |
| **Debtors' homestead - SEV $114,570,** | ***Direct by Debtor*** |
| **but Debtors assert that their home** | |
| **would sell for no more than $180,000** | |
| **- payments current** | |

*Model Plan Version 2.0 - 05/01*
*1*

| Creditor/Collateral | Monthly Payments |
|---|---|
| **GMAC Mortgage Corp d/b/a ditech.com / MERS (second mortgage)** **Debtors' homestead - SEV $114,570, but Debtors assert that their home would sell for no more than $180,000** **Location: 20470 Breezeway Dr., Macomb MI 48044** | **Lien Strip / Treatment as Unsecured Creditor -** Because there is insufficient equity in Debtor's real property to secure any portion of this mortgage, this claim shall be treated as a Class 8 general unsecured claim that is discharged upon completion of the plan with lien stripped. **SEE SECTION II, PARA. N FOR SPECIAL PROVISIONS DEALING WITH THIS CLAIM. CLAIM IS LISTED HERE FOR NOTICE PURPOSES ONLY.** |

b.      Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.      Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]
     a.      Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/ Reject/ Assign? | If assumed, regular payment per month | Lease/Contract expiration date |
|---|---|---|---|
| **-NONE-** | | | |

     b.      Pre-Petition Obligations:

| Creditor/Collateral | If assumed, amount of Default | If assumed, number of months to cure from confirmation date + interest rate | If assumed, monthly payment on cure |
|---|---|---|---|
| **-NONE-** | | | |

4.      Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
     Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| **-NONE-** | | | | |

5.      Class Five - Other Secured Claims: Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Fifth Third Bank** **2009 Dodge Journey, 15,000 miles** **- payments current** | **Direct by Debtor** | **18,500.00** | **0%** | **476.00** | **0.00** | **0** |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                  **Best Case Bankruptcy**

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Gmac Automotive Bank 2009 Chevrolet HHR, 8000 miles - payments current - not subject to cram-down (not 910 claim)** | **Direct by Debtor** | **11,550.00** | **0%** | **293.00** | **0.00** | **0** |
| **Macomb County Treasurer (2009 property taxes)** | **Not Altered** | **180,000.00** | **12%** | **735.96** | **735.96** | **1** |

6.     <u>Class Six - Priority Unsecured Claims</u> [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **Macomb Township Treasurer (2010 property taxes)** | **$740.00** | **0%** |

7.     <u>Class Seven - Special Unsecured Claims</u> shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8.     <u>Class Eight - General Unsecured Claims</u> shall be paid __29__ % of such amounts with interest at the rate of __0.00__ % per annum. This Plan shall provide either the percent stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9.     Other Provisions: Insert as necessary

## II.     <u>GENERAL PROVISIONS</u>

A.     **<u>THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:</u> II.B, II.F, II.L, II.N**

B.     **<u>VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION</u>**: Except as otherwise provided, upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C.     **<u>SURRENDER OR ABANDONMENT OF COLLATERAL</u>**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D.     **<u>PROHIBITION AGAINST INCURRING POST-PETITION DEBT</u>**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E.     **<u>UNSCHEDULED CREDITORS FILING CLAIMS</u>**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F.     **<u>PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN</u>**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          **Best Case Bankruptcy**

1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.

2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four ~~or~~ Five, or Six of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan.

   **NOTE:** Debtor reserves the right to object to any claim.

Plan provisions II.F.1 and II.F.3 are expressly inapplicable to the claim of GMAC / MERS.

**G.** **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
  **-NONE-**

**H.** **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

**I.** **ORDER OF PAYMENT OF CLAIMS**: Class One claims shall be paid in advance of others, then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

**J.** **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

**K.** **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

**L.** **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property.

**M.** **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

**N.** **TREATMENT OF SECOND MORTGAGE OF GMAC MORTGAGE CORP. D/B/A DITECH.COM / MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC:**

The mortgage that is the subject of this section (II.N) was executed on February 26, 2005, between Jeffrey and Donna Cox and GMAC Mortgage Corp. d/b/a ditech.com (GMAC) and Mortgage Electronic Registration Systems, Inc. (MERS) and was duly recorded on August 8, 2005, Liber 16989, Page 555, Macomb County Records.

There isn't any equity in the debtors' home to which the second mortgage of GMAC / MERS can attach. It is therefore an entirely unsecured claim pursuant to 11 USC 506(a) and shall be treated as a class 8 unsecured claim. Upon the debtors' successful completion of the plan, the property described as follows:

*Model Plan Version 2.0 - 05/01*
*4*

ALL THAT PARCEL OF LAND IN MACOMB COUNTY, STATE OF MICHIGAN, AS MORE FULLY DESCRIBED IN DEED LIBER 6418, PAGE 88, ID # 08-33-281-008, BEING KNOWN AND DESIGNATED AS LOT 56 WINDEMERE WOODS SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 97 PAGES 1, 2, 3, 4 AND 5 OF PLATS, MACOMB COUNTY RECORDS.

Commonly known as 20470 Breezeway, Macomb, Michigan, 48044

Tax Id No. 08-33-281-008

shall vest free and clear of GMAC / MERS's lien interest pursuant to 11 USC 1327(c) and the second mortgage of GMAC / MERS shall be entirely removed from the debtor's home. GMAC / MERS shall immediately furnish the debtor with a mortgage discharge in recordable form. This plan "strips" the second mortgage of GMAC / MERS from the debtors' home.

This is notice that the Confirmation Hearing shall include a hearing pursuant to F.R.Bankr.P. 3012 VALUING YOUR SECURED CLAIM.

Although in your opinion, your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. IT IS THE DEBTOR'S INTENT TO PROVIDE FOR EVERY CLAIM UNLESS SPECIFICALLY STATED OTHERWISE. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE DEBTOR IS PURPOSELY CLASSIFYING YOUR CLAIM AS UNSECURED AND IT WILL BE TREATED AS AN UNSECURED CLAIM DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST EITHER TIMELY OBJECT TO CONFIRMATION OF THIS PLAN, OR BE DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM AS PROVIDED HEREIN.  SEE LOCAL BANKRUPTCY RULE 3015-3(a)(1), (2), AND (3) FOR THE EASTERN DISTRICT OF MICHIGAN.

The provisions of this paragraph apply only to GMAC / MERS and not to any other Creditor.

**Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037**                                                                 **Best Case Bankruptcy**

**O. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 180,000.00 | 287,106.67 | 0.00 | 0.00 | 0.00 |
| VEHICLES | 30,050.00 | 34,016.00 | 655.00 | 655.00 | 0.00 |
| HHG/PERSONAL EFFECTS | 9,500.00 | 0.00 | 9,500.00 | 9,500.00 | 0.00 |
| JEWELRY | 1,600.00 | 0.00 | 1,600.00 | 1,600.00 | 0.00 |
| CASH/BANK ACCOUNTS | 1,000.00 | 0.00 | 1,000.00 | 1,000.00 | 0.00 |
| OTHER | 27,715.46 | 0.00 | 27,715.46 | 27,715.46 | 0.00 |

| | |
|---|---|
| Amount available upon liquidation | $ 0.00 |
| Less administrative expenses and costs | $ 0.00 |
| Less priority claims | $ 740.00 |
| Amount Available in Chapter 7 | $ 0.00 |

| | |
|---|---|
| /s/ Michael Greiner | /s/ Jeffrey William Cox |
| **Michael Greiner** | **Jeffrey William Cox** |
| Attorney for Debtor | Debtor |
| **Financial Law Group, P.C.** | |
| **29405 Hoover** | /s/ Donna Ann Cox |
| **Warren, MI 48093** | **Donna Ann Cox** |
| | Joint Debtor |
| **mike@financiallawgroup.com** | |
| **586-693-2000 Fax:586-693-2000** | **June 5, 2010** |
| Phone Number | Date |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

1. Length of Plan is _____ weeks; __**60**__ months; _____ years.

   Debtor #1:

2. $ ___**565.00**___ per pay period x __( **Bi-weekly** )__ __**130**__ pay periods per Plan = $___**73,450.00**___ total per Plan

   Debtor #2:

   $ _____ per pay period x __( )__ _____ pay periods per Plan = $ _____ total per Plan

3. $ _____ per period x _____ periods in Plan = _____

4. Lump Sums:             **0.00**

5. Equals total to be paid into the Plan        **73,450.00**

6. Estimated trustee's fees        **5,141.50**

7. Attorney fees and costs        **5,000.00**

8. Total priority claims        **740.00**

9. Total installment mortgage or
   other long-term debt payments        **0.00**

10. Total of arrearage
    including interest        **0.00**

11. Total secured claims,
    including interest        **735.96**

    Total of items 6 through 11        $        **11,617.46**

12. Funds available for unsecured creditors (item 5 minus item 11)        $        **61,832.54**

13. Total unsecured claims (if all file)        $        **209,779.67**

14. Estimated percentage to unsecured creditors under Plan (item 12 divided by item 13)        **29** %

15. Estimated dividend to general unsecured creditors if
    Chapter 7, (see liquidation analysis attached)        $        **0.00**

COMMENTS:

*Model Plan Version 2.0 - 05/01*

*7*